[No. 17150.   Department Two.   October 13, 1922.]

CHARLES F. CRAMER, *Respondent*, v. CHARLES R. CLARK, *as Administrator etc., Appellant.*[1]

APPEAL AND ERROR (274)—RECORD—EXHIBITS—CERTIFICATE.   It can not be objected that probate records were not introduced in evidence, where they are marked "Exhibit A" attached to the trial judge's certificate to the statement of facts, and made a part of the record.

EXECUTORS AND ADMINISTRATORS (67)—WORK AND LABOR (4, 14)— SERVICES RENDERED IN FAMILY RELATION—PRESUMPTION.   Upon a claim against an estate for services rendered the deceased, where it appears that a stepson of the deceased, 59 years of age, living in a distant state, was not for many years a member of the family of the deceased, there is no presumption that services rendered by him to the deceased are gratuitous.

SAME (67)—EVIDENCE—SUFFICIENCY.   The performance of services at the special instance and request of the deceased, for which the law will imply a promise to pay, is shown where deceased, an old lady, seriously ill, caused a friend to send a telegram requesting a stepson to come from a distant state, she expected his arrival, and subsequently recognized his right to be reimbursed for the expense of the trip.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered January 3, 1922, upon findings in favor of the plaintiff, in an action on an implied contract, tried to the court.   Affirmed.

*George A. Custer,* for appellant.

*James C. McKnight,* for respondent.

MAIN, J.—This action was brought against the administrator of the estate of Ruth W. Anderson, deceased, seeking to recover money for which it is claimed the estate is liable.   The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and judgment sustaining the plaintiff's

[1]Reported in 209 Pac. 688.

right to recover in the sum of $413.95. From this judgment the defendant appeals.

On September 3, 1920, Ruth W. Anderson, a lady more than seventy years of age, was very ill. At that time she was a resident of the city of Seattle. The respondent was her stepson, and resided at Indiana, Pennsylvania. On this date, Mrs. Martha C. Deutsch, a friend of Mrs. Anderson for a number of years, sent a telegram to the respondent, and on the following day he left his home and came to Seattle, arriving there on September 8th. He remained in Seattle for approximately a week, when he returned to his home, and some days later Mrs. Anderson died. Charles R. Clark, a brother of the deceased, was thereafter appointed administrator of her estate. The respondent claimed that he had made the trip at the special instance and request of his stepmother and that the expenses thereof, together with some incidental expenses that he had been put to for her benefit while he was in Seattle, should be paid out of the funds of the estate. The liability thus asserted by the respondent was denied by the appellant, and the present action was thereafter brought, resulting as above indicated.

Appellant first claims that the action should fail because upon the trial in the superior court no claim was introduced in evidence which had been filed with the administrator and rejected and upon which it was necessary to predicate the action. The files of the probate court came to this court marked Exhibit "A," attached to the statement of facts, and by the trial judge's certificate thereto, made a part of the record. This exhibit contains a claim presented by the respondent for the exact amount sought to be recovered in this action, and shows that such claim was rejected by the administrator. There is some suggestion in the appel-

lant's brief that the probate files were not introduced in evidence, but they are included in the certificate of the trial judge, and are, therefore, a part of the record.

It is further claimed that the action should fail because the evidence failed to show an express contract. In this connection the rule is relied upon which provides that, where one renders services as a member of the family, the presumption of law arises that such services are gratuitous, and before a recovery can be had there must be an express promise to pay. If the respondent and the deceased were members of the same family at the time the expenditures were made for which recovery is sought, it will be assumed that the position of the appellant is well taken. At this time, while the respondent was the stepson of the deceased, they were not members of the same family in the sense that the rule of law contemplates which gives rise to the presumption that where one member of a family renders services to the other such services are gratuitous. The respondent was fifty-nine years of age, and so far as this record shows had not lived in the same household with the deceased since he was nineteen years of age. She, for a number of years, had resided in Seattle and his place of abode was in the state of Pennsylvania. The ordinary presumption that services when rendered are in expectation of payment is not rebutted by the mere fact that the parties to the transaction stood in the relation of parent and child. The courts make a distinction between cases where the child has become of age; been away from home and then returned on the request of the parent and one where the child has continued to live with the parent after arriving at age. Where the child has established a separate abode, the presumption that services performed by him for the parent are gratui-

tous no longer prevails. In 28 R. C. L., page 680, it is said:

"But the ordinary presumption that services are rendered in the expectation of payment is not rebutted by the mere fact that the parties to the transaction stood in the relation of parent and child. Accordingly the courts make a distinction between cases where the child has become of age, been away from home, supported himself, and then returns on the request of the parent, and one where the child has continued to live with the parent after arriving at age and has never had any other home. A separate abode having been once established by the child, the presumption that services performed by him for the parent are gratuitous no longer prevails. The family relation does not exist between them, and they stand on an equal basis toward each other."

It may be admitted that no express promise was proved to reimburse the respondent before the expenditures were made, and that the services after they had been rendered would not furnish a consideration for a subsequent promise to pay. The trial court found that the telegram in response to which the respondent came to Seattle was sent with the knowledge and consent of the deceased, and that the respondent, on account of having received the telegram, left his home and came to Seattle. The telegram was not admitted in evidence for reasons which it is unnecessary here to discuss. It was, however, sent with the knowledge and consent of the deceased. She caused a friend, at about the time respondent would be expected to arrive in Seattle, to go to a hotel and see if he had arrived there. There is also evidence that, subsequently to his arrival, she recognized his right to be reimbursed for the money which the trip had cost him. It is true that a subsequent promise to pay for the expenditures could not be enforced, but this, together with her expectation of

respondent's arrival, show clearly that she was expecting him to come and that she contemplated meeting the expenses of the trip.

As already stated, a family relation did not exist between them which would give rise to a presumption of law that the respondent's expenditures were intended to be gratuitous. Under the facts, the case falls within that rule that, where one performs services for another at that other's special instance and request, and there is no agreement with reference to compensation, the law will imply an agreement to pay what the services are reasonably worth. It is not claimed in this case that the character of the services or the purposes for which the money was expended were such as to make this rule of law inapplicable. It is true that there was evidence that, after the respondent came to Seattle, the deceased said to him that she did not send for him, and that the person that did send for him would have to meet his expenses. But whatever the fact may be as to this, the weight of the evidence sustains the findings of the trial court that the respondent came to Seattle in response to a telegram which was sent with the knowledge and consent of his stepmother. The fact that she made the statements to him attributed to her, if such be the fact, would not necessarily disprove that, some days earlier, she had authorized the telegram and had expected his arrival, and also contemplated paying the expenses.

There are some other errors assigned, but they are of minor importance. They have all been considered and some of them have been covered in what has already been said, and the others, it seems to us, do not require detailed discussion.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.