[No. 25044. Department One. June 11, 1934.]

WILLIAM H. GROSS, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 33 P. (2d) 376.

*The Attorney General, Browder Brown, Assistant,* and *Dorothee Scarbrough,* for appellant.

*John H. Dunbar,* for respondent.

MILLARD, J.—The claim of plaintiff, filed April 19, 1933, for compensation on account of injuries alleged to have been suffered December 13, 1932, was rejected by the department of labor and industries, on the ground of no proof of injury in course of employment. Hearing before the joint board resulting in rejection of his claim, the plaintiff appealed to the superior court for Thurston county. At the trial before the court, no additional testimony was taken, the matter being submitted upon the record made before the joint board. Upon the evidence thus submitted, the court was of the view, expressed as follows in its memorandum opinion, that

" . . . the record is not sufficient to warrant the court in finding that the holding of the joint board, which is by statute made *prima facie* correct, is not correct. Therefore an order may be taken affirming the same."

Before the entry of judgment or findings, the plaintiff filed a motion for a new trial on the ground of newly discovered evidence which he could not with reasonable diligence have discovered and produced at the trial. The claimant prayed that, in the alternative, the matter be remanded to the department of labor and industries to take the newly discovered evidence. Over objection of the department, the court granted the motion for a new trial.

At the new trial before the court, the claimant produced the newly discovered evidence, which consisted of the testimony of four witnesses, none of whom was cross-examined by counsel for the department. One of the witnesses testified he called on the plaintiff at the

hospital in December, 1932, and saw the bruises on the claimant. Another witness testified that, on the date of the injury, he saw the plaintiff stumble and roll down the hill. This stumbling and rolling was claimed by plaintiff to have caused the injuries for which he seeks compensation. A third witness testified that, on the date of the injury, he observed the discoloration across the back of plaintiff, who informed the witness that he had fallen and injured himself. The fourth witness, a surgeon who testified before the joint board, testified respecting the condition in the plaintiff's abdomen when he operated on the plaintiff.

The new trial by the court for the purpose of taking newly discovered evidence resulted in the entry of an order remanding the cause to the department of labor and industries

" . . . with instructions to said department to reconsider the newly discovered evidence taken at this hearing from the record thereof, or to call the witnesses who testified at this hearing and examine them and to then decide the claimant's claim as it deems just and equitable."

From that order, the department has appealed.

■ The trial court erred in granting a new trial on the ground of newly discovered evidence. In order that a new trial may be granted because of the existence of evidence which was not adduced at the trial, it is necessary that such evidence be *newly discovered*. The evidence on which the motion for a new trial was based was not newly discovered evidence. The four witnesses upon whose testimony respondent relied for a new trial were accessible, and could have testified before the joint board; one did. The so-called new evidence was known and accessible to the respondent at the date of his injury, at the time he filed his claim for

compensation, and when a hearing was had by the joint board on his claim.

"Newly discovered evidence may be defined as new evidence, material to the party making the application, which was not known or accessible to him until after the trial, which could not with reasonable diligence have been discovered and produced at the trial, and which was in fact newly discovered after the trial or too late to be produced. Evidence may not be regarded as newly discovered if it was known, or in the circumstances must have been known, or, by the exercise of reasonable diligence, should have been known, by the moving party or by his counsel at any time prior to the submission of the case." 7 Bancroft's Code Practice and Remedies, § 6019.

A complete scheme of procedure is prescribed by the workmen's compensation act and, as the act contains no provision for a new trial on the ground of newly discovered evidence, a motion for such relief can not be entertained. Under the provisions of the act (Rem. Rev. Stat., § 7697), on appeal from an order of the department to the superior court, the claimant must rest on the record made before the joint board; the claimant may not be permitted to offer, and the court may not receive, in support of the claimant's appeal, evidence or testimony other than that offered before the joint board.

"On such appeal the hearing shall be *de novo,* but the appellant shall not be permitted to offer, and the court shall not receive, in support of such appeal, evidence or testimony other than, or in addition to, that offered before the joint board or included in the record filed by the department." Rem. Rev. Stat., § 7697.

Clearly, under the statute, the claimant must rest on the record as made before the joint board, and he is prohibited from introducing any evidence other than that offered before the joint board, or included in the

record of the department; that is, evidence, other than that offered before the joint board or included in the record of the department, offered by the claimant, would not be admissible. If evidence on behalf of claimant is not admissible on the original trial (the trial *de novo* in the superior court), it logically follows that a new trial can not be granted on the ground that the evidence is newly discovered, in view of the absence from the workmen's compensation act of any provision for a new trial on such ground.

"The evident purpose of this statute was to compel every claimant to produce all of his testimony before the joint board, so that the members thereof may be fully apprised of all the facts in order to render a proper decision; and ample opportunity is given for the claimant to fully and fairly present all of the testimony which he may have, which in any way might aid the department in passing upon his claim. There is nothing which requires the joint board to produce testimony of any kind. In fact, it will be noticed that, by the plain provision of the statute, the board may, without taking any testimony, deny the appeal and affirm the previous decision or award, or it may, without hearing, sustain the appeal and grant the relief, and in either of these events there might be nothing in the record which would apparently justify the action of the joint board. They might easily be acting because of their knowledge of facts gained by reason of their long experience in the department, all of which facts would be unknown to the court, provided an appeal was taken from their decision.

"Then again, it will be noticed that the statute later provides that

"'. . . the calling of a jury shall rest in the discretion of the court, except that in cases arising under Rem. Comp. Stat., § 7683 or § 7690, either party shall be entitled to a jury trial upon demand.'

"The fact that the statute provides for a jury trial as a matter of right in some cases and as a matter of discretion in others, seems to clearly indicate that an

issue shall be presented in court and some testimony received. Also, it is provided that the certified copy of the complete record of the claim, prepared by the department and filed by the clerk of the court, 'shall become *a part* of the record in the case,' clearly indicating that there may be other and additional testimony taken, thus making more of a record than that contained in the report prepared by the department. The claimant being prohibited from introducing any other or additional evidence, it must come from the department if any is received.

"When the joint board acts upon a claim, it takes into consideration all of the evidence which has been submitted by the claimant. It may also take into consideration the opinion of its chief medical adviser and other officers, and their opinions may not appear in the record. For illustration, assume that the claimant introduces testimony tending to show that he was suffering from diabetes caused by dropping a piece of timber upon his foot. The joint board summarily rejects the claim on the oral advice of its medical officer, and an appeal is taken to the superior court. There the claimant produces the record of the department and the full record of all proceedings and testimony taken before the joint board. Assume that the court, on an examination of the record, finds that a *prima facie* case is made in support of the claimant's claim. The case should then be set down for hearing, and the claimant must rest on the record as made before the joint board, being prohibited by statute from introducing any evidence or testimony other than that offered before the joint board, or included in the record of the department. The department is entitled, under the statute, to introduce any testimony it may have on the trial, because in the superior court, for the first time, the burden is placed upon the department to uphold its ruling. We think the motion to dismiss by the department in this case was analogous to a motion for nonsuit, and that the department was clearly entitled to introduce any evidence it might have which would tend to uphold its decision, and the claimant might then introduce proper rebuttal testimony." *Murray v.*

*Department of Labor and Industries,* 151 Wash. 95, 275 Pac. 66.

The trial court erred in considering the motion for a new trial on the ground of newly discovered evidence. Not being permitted by the statute to entertain such a motion, manifestly the trial court also erred in remanding the cause to the department with instructions "to reconsider the newly discovered evidence."

The trial court was of the view, and we are convinced by our examination of the record, that the record is not sufficient to warrant a "finding that the holding of the joint board, which is by the statute made *prima facie* correct, is not correct."

The judgment is reversed, and the cause remanded with direction to the trial court to affirm the order of the department rejecting the claim.

MITCHELL, MAIN, TOLMAN, and STEINERT, JJ., concur.