[No. 31945. Department Two. June 5, 1952.]

DAVID HARDUNG, *Appellant,* v. JOHN F. GREEN, *as Executor, Respondent.*[1]

*Cornelius E. Collier* and *L. Vincent Donahue,* for appellant.

*W. M. Nevins* and *Roy A. Redfield,* for respondent.

[1]Reported in 244 P. (2d) 1163.

FINLEY, J.—David Hardung, plaintiff, and John F. Green, defendant, were joint executors under the will of John C. Ingle, deceased. Hardung, allegedly, had performed certain services for the deceased, and therefor timely filed a creditor's claim against the estate for the alleged reasonable value of the services rendered in the sum of six thousand dollars. As a co-executor, defendant Green rejected plaintiff Hardung's claim. Hardung resigned as co-executor, and brought this suit to recover on his claim against the estate.

At the trial of the lawsuit, after the close of plaintiff Hardung's case, the defendant moved for a nonsuit. The motion was granted. The jury was dismissed. Plaintiff's motion for a new trial was denied, and judgment, dismissing the action with prejudice, was entered for defendant. Plaintiff Hardung appealed. He assigns as error (1) the granting of the motion for nonsuit; and (2) the refusal to grant a new trial.

The question before us is whether the trial court erred in determining the evidence introduced by plaintiff was insufficient or inadequate to require submission of the case to the jury.

■ A challenge to the sufficiency of the evidence or a motion for a nonsuit admits the truth of the evidence of the party against whom the challenge is made, and all inferences reasonably to be drawn therefrom. It requires the evidence to be interpreted most strongly against the moving party and in the light most favorable to the opposing party. *Derr v. Bonney,* 38 Wn. (2d) 678, 231 P. (2d) 637.

■ Such motions can be granted only when it can be held as a matter of law that there is no evidence, nor reasonable inference from evidence, to sustain a verdict for the opposing party. No element of discretion is involved. *Williams v. Hofer,* 30 Wn. (2d) 253, 191 P. (2d) 306.

With these rules in mind, we shall state briefly the facts as they were presented by plaintiff Hardung.

Plaintiff and the deceased lived upon adjoining farms in Lincoln county, Washington. They had first met at a ball game in 1910 or 1912. Thereafter, apparently, they had

neighbored back and forth over a period of years. Hardung, on cross-examination, testified as follows:

"Q. And you hauled him around over the country a good deal, did you? A. I did. Q. And were very friendly with him. A. Sure. Q. Very chummy with him. A. Not very chummy."

John C. Ingle suffered a stroke in 1938. As time passed, he became quite feeble. In 1946, Ingle became a patient at the Sacred Heart Hospital in Spokane. Thereafter, he moved to the Dempsey Hotel in Spokane, and later back to the hospital. In 1947, and until his death in November, 1948, he stayed in several different sanitariums in Spokane. Mr. Hardung testified that over a period of several years he took care of Mr. Ingle's business affairs, paid his taxes, took care of a particular lease for him, cared for his ranch and consummated a sale therefor—all of which required him to make numerous trips to Spokane to see and consult with Mr. Ingle. Hardung further testified in detail as to the personal services he had rendered Mr. Ingle in Spokane, such as buying a truss for him, and later arranging for a cemetery lot and for his funeral. He testified that all in all, at his own expense, he had made over four hundred trips to Spokane on behalf of the deceased.

The testimony of other witnesses indicated that the deceased had requested plaintiff's services; that he had considered Hardung as his business manager in handling his affairs; and that he had intended to reward Hardung for such efforts. There was no testimony to the effect that plaintiff had received any benefit from the services he rendered in behalf of Mr. Ingle.

 The general rule seems to be that, in the absence of circumstances indicating otherwise, it is inferred that a person who requests another to perform services of value for him thereby bargains and by implication agrees to pay for such services. Restatement, Restitution, § 107 (2); *Cramer v. Clark,* 121 Wash. 507, 209 Pac. 688, 24 A. L. R. 970.

In *Ammerman v. Old Nat. Bank,* 28 Wn. (2d) 239, 182 P. (2d) 75, the same principle is expressed in a slightly different way, as follows:

" 'Generally, there is an implication of a promise to pay for valuable services rendered with the knowledge and approval of the recipient, in the absence of a showing to the contrary. A promise to pay the reasonable value of the service is implied where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent or avails himself of the service.' " (At p. 245, quoting from 12 Am. Jur. 501, § 5).

Again, in *Allerton v. Allerton*, 133 Wash. 260, 266, 233 Pac. 632, quoting from 28 R. C. L. 682, 683, § 17, we referred to:

" ' . . . the primary implication that a person who accepts valuable services does so on the understanding that they are to be paid for . . .' "

and we concluded that, where there is a lack of mutuality in the benefits received, a promise to pay will be implied.

In *Ross v. Raymer*, 32 Wn. (2d) 128, 139, 201 P. (2d) 129, we said:

"Where one seeks to establish a claim against an estate for services rendered to the deceased during his or her lifetime, the party asserting the claim has the burden of proving a contract, express or implied, to pay for the services; and the evidence to support such claim must be clear, cogent, and convincing."

In the case at bar, viewing the evidence in the light most favorable to the plaintiff, as we must, it seems to us a *prima facie* case was established by clear, cogent, and convincing evidence that Mr. Hardung (a) rendered at least some valuable services for the deceased, (b) without benefit to himself, (c) at the request of deceased, and (d) that the deceased intended to compensate plaintiff for the services rendered. Under these circumstances, we believe the trial court erred in granting the nonsuit.

The judgment is reversed, and the cause is remanded to the trial court with instructions to grant appellant Hardung a new trial.

SCHWELLENBACH, C. J., HAMLEY, HILL, and OLSON, JJ., concur.