[No. 33290. Department One. December 15, 1955.]

RALPH PEARSALL et al., *Respondents*, v. PETE PALTAS et al., *Appellants.*[1]

[1]Reported in 291 P. (2d) 414.

*O. M. Nelson*, for appellants.

*L. Edward Brown*, for respondents.

OTT, J.—In this action, plaintiffs sought to recover for the damage to their automobile resulting from the alleged negligence of defendant Pete Paltas (who will be referred to as though he were the sole defendant) in permitting his cattle to stray upon a public highway in a stock-restricted district. The jury returned a verdict for plaintiffs in the sum of $156.25. The trial court entered a judgment notwithstanding the verdict in the sum of $252.32. The defendant has appealed.

At about ten o'clock p. m., October 10, 1953, Marcella Fitzgerald was driving the automobile of her parents, Ralph and Marcella Pearsall, on state highway No. 9 near the city of Elma. The night was dark, it was raining, the roadway was slippery and wet, and visibility was poor. Marcella Fitzgerald testified that she was driving at a speed of approximately forty miles per hour, when suddenly the car headlights illuminated cattle obstructing the entire traveled portion of the highway. She applied the brakes, but was unable to stop. The car slid forward and struck one of the animals. Her testimony was corroborated by that of her mother, the other occupant of the automobile.

The other evidence offered by respondents was to the effect that the area was a cattle-restricted or herd-law area; that the cattle belonged to the appellant, and that the difference in fair market value of the car before and after the accident was $327.32, the amount of the repair bill.

The only testimony offered by the appellant was that he did not permit the cattle to be at large on the highway; that he did not leave the gate open; that it was found open the next morning; that he believed someone had opened it, and that the fence around his pasture was well kept and in good repair. He testified that, at five p. m., all of his cattle were

in the pasture, and that, although he noticed at milking time, seven p. m., that his bull and two of his cows were not at the barn as they usually were, it did not concern him because the missing cows were dry.

■ Appellant's first assignment of error is directed to the trial court's refusal to dismiss respondent's case at the close of the testimony. A motion to dismiss challenges the sufficiency of the evidence to sustain the cause of action, and admits the truth of the evidence of the party against whom the challenge is made, and all inferences reasonably to be drawn therefrom. It requires the evidence to be interpreted most strongly against the moving party and in the light most favorable to the opposing party. Such motions can be granted only when it can be held, as a matter of law, that there is no evidence, nor reasonable inference from the evidence, to sustain a verdict. *Hardung v. Green*, 40 Wn. (2d) 595, 596, 244 P. (2d) 1163 (1952), and cases cited; *Moses v. Department of Labor & Industries*, 44 Wn. (2d) 511, 514, 268 P. (2d) 665 (1954).

Applying these rules to the evidence previously set out in this opinion, we find no merit in appellant's first assignment of error.

Appellant's second assignment of error relates to the court's refusal to grant his motion for judgment notwithstanding the verdict.

■ A motion for judgment notwithstanding the verdict can be granted only when the court can say, as a matter of law, that there is neither evidence nor reasonable inference from the evidence sufficient to sustain the verdict of the jury. *Howell v. Benton*, 40 Wn. (2d) 871, 875, 246 P. (2d) 823 (1952), and case cited; *James v. Ellis*, 44 Wn. (2d) 599, 600, 269 P. (2d) 573 (1954).

Applying this rule to the stated evidence, we find no merit in this assignment.

Appellant's third assignment of error relates to the trial court's entry of judgment in the sum of $252.32, notwithstanding the verdict of the jury being in the amount of $156.25.

In this regard, Kenneth Day testified that he had repaired the automobile at a total cost of $327.32, and submitted an itemized list of the repairs, plus the cost of the labor involved. He testified that, in his opinion, this amount represented the difference in the fair market value of the automobile immediately before and after the collision.

On cross-examination, the appellant questioned the item of replacement of the radiator, raising an inference that the difference in the fair market value of respondent's automobile before and after the accident was a lesser amount than that testified to by the witness. There was no other testimony by either appellant or respondents as to the amount of the damage.

■ The cost of repair, in any instance, is only one of the elements to be considered in determining the amount of damages allowable. Hence, upon the evidence submitted by the respondents as to the amount of the damages, the minds of reasonable men could differ.

■ The question of damages was submitted to the jury by instruction No. 12. This instruction was not excepted to and thus became the law of the case. *Kagele v. Frederick*, 43 Wn. (2d) 410, 416, 261 P. (2d) 699 (1953).

The instruction directed the jury, if they found for the respondents, to allow "such sum as will compensate them for the damages to their vehicle but in no event to exceed the sum of $327.32," and stated that the measure of damages to the respondents' vehicle was the difference between the fair market value of the automobile just prior to the collision and immediately thereafter.

■■ Even uncontradicted evidence is not binding upon a jury where, from the evidence, they can find circumstances inconsistent with it. *Biladeau v. Pomerenke*, 33 Wn. (2d) 145, 150, 204 P. (2d) 518 (1949); *Preston Mill Co. v. Department of Labor & Industries*, 44 Wn. (2d) 532, 536, 268 P. (2d) 1017 (1954). Here the evidence was in conflict, and the jury, being properly charged, determined the amount of damages to be $156.25. This determination was within the sole province of the jury.

The granting of respondents' motion for judgment notwithstanding the verdict, thus disregarding the verdict of the jury and increasing the amount of the judgment, was error.

Appellant next assigns as error the court's refusal to grant a new trial. We have considered each of the grounds set out in the motion and argued in the briefs, and find no merit in this assignment.

With reference to appellant's final assignment, that the court erred in entering judgment in favor of the respondents in any amount, we are of the opinion that the evidence supports the verdict and that judgment should have been entered by the trial court in the amount determined by the jury.

The judgment appealed from is reversed, and the cause remanded with instructions to enter judgment on the verdict. Since each party has prevailed upon certain phases of this appeal, neither will recover costs.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.