[No. 33665. Department One. May 31, 1957.]

J. R. DAVENPORT, *Appellant,* v. LESLIE TAYLOR, *Respondent and Cross-appellant.*[1]

[1]Reported in 311 P. (2d) 990.

*Thomas Malott,* for appellant.

*Geo. W. Young,* for respondent and cross-appellant.

FINLEY, J.—This action was commenced to recover upon two promissory notes allegedly executed by defendant Taylor, individually, in favor of plaintiff Davenport. The defense was that the notes, although signed by Taylor, actually were executed for and on behalf of a mining partnership composed of Davenport and Taylor; that the notes were merely to be held by Davenport and used for income tax purposes if the mining partnership failed. The defense involved a question as to whether there had been a condition precedent or a condition subsequent relative to the matter of the delivery of the notes to Davenport. (See *Fleming v. August,* 48 Wn. (2d) 131, 291 P. (2d) 639.) The jury's verdict was for Davenport. The trial judge granted Taylor a new trial. Davenport thereupon appealed.

Relative to the granting of the new trial, the trial judge, in his memorandum decision, stated among other things:

"(a) It appears to the Court that the defendant has *newly discovered evidence* which is material and which he *could not have, with reasonable diligence, discovered* and produced at the trial, which new evidence would probably change the result on a new trial of this case; that it was discovered since the trial of this case; *that it in part was discovered accidentally* and *could not have been discovered before the trial by the exercise of diligence,* and the *defendant did exercise reasonable diligence* in attempting to find

said evidence prior to trial; that said evidence is not merely cumulative or impeaching.

"(d) Moreover, *the Court is of opinion that the defendant and his attorney made diligent effort to secure the presence and testimony of Alvin W. Mackey*; that the affidavit of the said Alvin W. Mackey as to what he would testify to on a retrial of this case discloses, in the opinion of the Court, facts which would not be merely cumulative but which would, if believed by the trier of the fact, establish that the plaintiff was in fact a partner of the defendant engaged in a joint venture having for its purpose the development of the Prospect Mine; . . .

"(e) The Court is further of the opinion that *substantial justice has not been done between the parties,* and that the verdict was an injustice to the defendant for the reason that the *notes sued upon were executed by the defendant as a part of the partnership transaction in which the plaintiff was a partner* for the development of the Prospect Mine referred to in the testimony and the pleadings; *that the consideration for the notes was advances made to the partnership and not to the defendant individually; that it was intended that the notes should represent the right of the plaintiff to be paid from out of the first income from the partnership venture and not from private or separate funds of the defendant;* that in keeping with this agreement, first income from the mine was in fact applied to said notes and paid to plaintiff, and that defendant received no income from the mining operation; that the business venture of plaintiff and defendant failed; that in keeping with his prior agreement with the defendant, the plaintiff charged off $3,000.00 of the account carried on plaintiff's books, which together with other credits was intended to by plaintiff and had the effect of cancelling said notes; that plaintiff notified defendant that he had charged off said obligation and that the defendant relied on said charge off. That the plaintiff, in spite of the fact that he corresponded with and knew of the whereabouts of defendant, remained silent and made no demand for payment of said notes or any part thereof for a period of more than 16 years prior to the commencement of this action, and that *it would work an injustice against the defendant if the verdict of the jury were permitted to stand.*" (Italics ours.)

Davenport contends that the trial judge erred in granting the motion for a new trial because the grounds stated by him, pursuant to Superior Court Rule 16, 34A Wn. (2d)

117, are inadequate. Specifically, appellant contends: (1) that respondent was not diligent before or during the trial in acquiring and producing the allegedly "newly discovered" evidence; and (2) that the trial judge, in stating his reasons in support of his order granting the new trial—*i.e.*, his reasons in support of the proposition "that substantial justice has not been done"—merely reviewed the evidence in the record and, solely on the basis of this evidence, decided issues which were properly submitted to the jury upon evidence in the record and were decided by it adversely to respondent Taylor.

We agree with appellant Davenport's analysis. For the reasons stated hereinafter, we hold that the granting of the new trial constituted error, and that the verdict of the jury must be reinstated. In view of this disposition of the appeal, it is unnecessary to discuss appellant's other assignments of error.

We will now discuss in some detail the matter of the allegedly "newly discovered" evidence, which the trial court stated was "only discovered by defendant accidentally, in spite of defendant's diligent search for records through his effects prior to the trial of this case." As mentioned above, appellant contends that respondent was not reasonably diligent, and consequently, that the particular evidence cannot be characterized or treated as *newly discovered*; and finally, that there was an abuse of discretion by the trial court in granting a new trial on the particular ground.

It has been said that a motion for a new trial involving a question of "newly discovered" evidence is addressed to the sound discretion of the trial court, and that the exercise of that discretion will not be disturbed except in cases of clear abuse. See *Strong v. Sunset Copper Co.,* 9 Wn. (2d) 214, 114 P. (2d) 526; *McUne v. Fuqua,* 42 Wn. (2d) 65, 253 P. (2d) 632, and cases cited; 135 A.L.R. 423.

In the case at bar, evaluation of the discretion exercised by the trial court relative to the granting of a new trial involves the question of whether respondent acted

with reasonable diligence to acquire and produce the particular evidence before or during the course of the trial. The question is essentially factual. The trial court's decision on this fact question is procedural. The decision is not conclusively presumed to be correct. Certainly, under Superior Court Rule 16, *supra,* and the decisions of this court construing this rule, there should be no doubt that the discretion exercised by a trial court in granting a new trial on the ground of "newly discovered" evidence is procedural and is subject to appellate review.

In the instant case, the allegedly "newly discovered" evidence consisted of three letters supposedly of some significance relative to the ultimately unsuccessful mining venture. The letters, as the supporting affidavit reveals, were in respondent's possession or under his control among his personal effects and business records not only before but during and after the trial. The affidavit states that respondent searched through these records shortly after the commencement of this action and again immediately prior to the trial, but that he did not find the three letters. Examination of the affidavit discloses that eleven days after the adverse verdict, respondent found the letters while he was again "rummaging" through the same records.

We cannot condone a procedure that would permit a litigant to gamble on a jury verdict and, when it is adverse, thereupon to produce allegedly "newly discovered" evidence, claiming accident, surprise, and no lack of reasonable diligence as an excuse for negligence and plain inaction in not theretofore having produced such evidence. *Reeder v. Traders' Nat. Bank,* 28 Wash. 139, 68 Pac. 461; *Peoples v. Puyallup,* 142 Wash. 247, 252 Pac. 685; *Gross v. Department of Labor & Industries,* 177 Wash. 675, 33 P. (2d) 376.

In the *Gross* case it was stated that evidence is not "newly discovered" if it was known, or under the circumstances must have been known, or by the exercise of reasonable diligence should have been known by the moving party at any time prior to the submission of the case. 7 Bancroft's Code Practice and Remedies 7943, § 6019.

■ Considering the reasoning of the *Gross* case, the facts in the instant case which relate to the question of diligence seem to us to justify only one opinion or conclusion; namely, that respondent Taylor was not reasonably diligent in producing the correspondence in question during the trial of the case. On this basis, we are convinced that the trial court erred in treating the correspondence as "newly discovered" evidence. It is not necessary for us to state what the result would be in a case where the facts pertaining to the question of diligence are conflicting and would justify opposite conclusions as to the matter of diligence.

There is one other affidavit which the trial court considered in support of respondent's proposition relative to "newly discovered" evidence. It is an affidavit by one Alvin W. Mackey. As mentioned above, the respondent argues that upon a new trial Mackey's testimony could result in a decision on the merits in favor of respondent. The respondent states in his supporting affidavit that, prior to the trial, he diligently attempted to locate Mackey, but without success. He then states "That in desperation, following the receipt of the verdict in this case," he discovered the whereabouts of Mackey; that this occurred on May 13, 1955 (one day following the adverse verdict).

■ Be that as it may, the record shows that *appellant had very little or no difficulty whatsoever in locating Mackey shortly before the trial.* During the trial, the respondent testified that Mackey was involved in the alleged mining partnership venture—yet respondent did not move for a continuance to have this witness or his deposition in court during the trial. Apparently, the respondent was content to submit the cause to the jury on the case as then made. Under such circumstances it seems clear to us that respondent was not reasonably diligent in attempting to locate Mackey prior to or during the trial; and, consequently, that testimony by Mackey is not to be regarded or treated as "newly discovered" evidence. We do not see how the trial court could have reached a different conclu-

sion on this phase of the case. *Reeder v. Traders' Nat. Bank, supra; Gross v. Department of Labor & Industries, supra; State v. Douglas,* 193 Wash. 425, 75 P. (2d) 1005; *McCall v. Smith,* 184 Wash. 615, 52 P. (2d) 338; *Chadwick v. Ek,* 5 Wn. (2d) 554, 106 P. (2d) 104. We think that it was clearly an abuse of discretion for the trial court to consider the above-mentioned affidavits or the substance thereof as "newly discovered" evidence.

The second ground upon which the trial court relied in granting the new trial was that *substantial justice had not been done.*

Under Superior Court Rule 16, *supra,* a trial judge must in an order granting or denying a new trial give definite reasons of fact and law for so doing. Prior thereto, this was not mandatory. Thus, before the promulgation of Superior Court Rule 16, *supra,* appellate review of orders granting new trials may have existed in theory in certain cases; but in practice, it was a matter of "happenstance," or was actually impossible or nonexistent.

The *Coppo v. Van Wieringen* decision (36 Wn. (2d) 120, 217 P. (2d) 294) pointed this out, and thus posed the problem of whether a practicable rule should be promulgated to facilitate and to permit in all instances a realistic appellate review of trial court orders disposing of motions for new trials. The alternatives were (a) appellate review or (b) finality of decision in the trial courts. It had to be one or the other, whether or not the latter was euphemistically described as involving an exercise of sound judicial discretion within the inherent powers of the trial courts. The choice was one of policy, delicate and difficult. It was made in favor of appellate review, and Rule 16, *supra,* resulted.

As stated hereinbefore, the trial courts in the exercise of sound discretion may, by order pursuant to Rule 16, *supra,* provide for new trials. However, implicit in the matter of appellate review of such orders is the assumption, as emphasized heretofore, that the decision of a trial court in granting a new trial is not conclusively presumed to be

correct. In the instant case, the elaborate reasons stated by the trial judge in support of the ground that *substantial justice had not been done* involve, in effect or in substance, only matters of evidence in the record. We are thus not here confronted with any question relative to matters outside of the record.

■ A precisely analogous situation arose in *McUne v. Fuqua*, 45 Wn. (2d) 650, 277 P. (2d) 324. There we said that the ground stated by the trial court for granting the new trial, *i.e.*, that substantial justice had not been done, in substance or effect, was indicative of another but unmentioned ground: namely, that the evidence was insufficient to sustain the verdict of the jury. (See Superior Court Rule 16 (7), *supra*.) We thereupon evaluated the latter ground as a basis for the granting of the new trial by reviewing the evidence contained in the record. We concluded that the evidence was sufficient to support the jury verdict, and we asserted that the trial court could not, in effect, by simply appraising the evidence, substitute its judgment for the verdict of the jury.

In the forepart of this opinion, we have stated the principal issues raised by the pleadings and the evidence. After a careful review of the record, we note that the evidence was conflicting, but we are convinced that there was sufficient evidence upon the material issues to support the verdict of the jury. The reasoning and the decision in *McUne v. Fuqua, supra,* as referred to above, are controlling. See, also, *Johnson v. Howard,* 45 Wn. (2d) 433, 275 P. (2d) 736; *Powell v. Continental Baking Co.,* 49 Wn. (2d) 753, 306 P. (2d) 757.

In the instant case, there was an abuse of discretion by the trial court in granting the new trial, either on the purported ground that substantial justice had not been done, or on the less apparent ground that the evidence was insufficient to support the verdict of the jury.

■ The respondent has cross-appealed, and his assignments of error are that the trial court erred in denying his motions for a directed verdict and for judgment n.o.v. We

have already stated that the evidence was conflicting; therefore, considering the case on the merits, neither the trial court nor this court can decide the issues as a matter of law. *Pearsall v. Paltas,* 48 Wn. (2d) 78, 291 P. (2d) 414. Respondent's assignments of error are without merit.

The trial court's order granting the new trial is reversed with instructions that judgment be entered on the verdict of the jury. It is so ordered.

SCHWELLENBACH, DONWORTH, OTT, and FOSTER, JJ., concur.

July 11, 1957. Petition for rehearing denied.

