IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30231-8-III |
| Appellant, | ) | Consolidated with |
| | ) | No. 30239-3-III |
| v. | ) | |
| | ) | |
| EDWIN TROY HAWKINS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. And | ) | |
| Cross-Appellant. | ) | |

KORSMO, C. J. — While this case was previously before this court, the superior court granted a motion for a new trial. A written order granting the new trial eventually was entered and the State appealed. Meanwhile, Mr. Hawkins was granted review of the trial court's ruling that the CrR 3.3 time for trial period had not expired before the State's appeal was taken. We conclude that Mr. Hawkins did not present newly discovered evidence and reverse the order granting a new trial; we affirm the denial of the motion to dismiss.

FACTS

The facts underlying the case are discussed in the previous opinion, *State v. Hawkins*, 157 Wn. App. 739, 238 P.3d 1226 (2010). Briefly stated, charges of possession

of stolen property and attempted possession of stolen property were filed after a family dispute led to allegations that Mr. Hawkins's orchard operation was using equipment that did not belong to him. The defense theory of the case was that members of his wife's family had framed Mr. Hawkins because of disputes between the two families. The jury acquitted on two counts, but convicted on one count of possession of stolen property and one count of attempted possession of stolen property relating to a Kubota tractor. *Id.* at 746.

In addressing one of Mr. Hawkins's claims, this court concluded that it was error to limit Britt Hawkins's testimony about the reason relations with her family were strained. However, we concluded that the error was harmless because it addressed the two counts on which the jury acquitted. *Id.* at 752-53. We noted that there was no evidence connecting her family to the tractor counts and no evidence that anyone had framed Mr. Hawkins on those counts. *Id.* at 753.

Dale Martin testified for the defense at trial. He had worked in the area for many years and had provided field services for some of the land that Mr. Hawkins was now farming. He testified concerning some sprayers; the jury ultimately acquitted Mr. Hawkins on the charge relating to the sprayers. In the spring of 2010, while the case was pending in this court, Mr. Martin told Mr. Hawkins about an incident that he said had occurred in the spring of 2007:

2

> In spring 2007 I was at the Sundance Slope orchard to pick up a fertilizer spreader. At that time I observed a white flatbed truck arrive at the orchard's equipment loading area. The truck was carrying a large orange Kubota tractor. I saw the driver unload the Kubota. A short time later I saw the truck leave the property loaded with an orange Kubota. No one else was present at the time. I knew Troy Hawkins and was familiar with his employees. The driver was not Hawkins and was not one of the employees. This event did not stand out in my mind because it is common to see orchard equipment moved around during the growing season.

Clerk's Papers (CP) at 1106.

Armed with this information, Mr. Hawkins filed a motion for a new trial in superior court. This court issued its opinion on September 9, 2010, affirming the two convictions; Mr. Hawkins moved to reconsider. The superior court heard argument September 27 and issued a letter decision on October 7 granting a new trial. In the course of its analysis, the superior court indicated that it was difficult to believe that Mr. Martin was unaware of the allegations concerning the Kubota tractor during the trial, but believed his declaration needed to be taken at face value. The court also was uncertain that the testimony would have changed the trial, but concluded that it "could have an impact on the jury's decision." CP at 1280.

The prosecutor sought to have the trial court enter an order on the new trial ruling and noted hearings for November 15 and December 2. The former date was stricken for lack of timely notice and the second one was stricken at defense request because reconsideration was still pending in this court; the defense argued that the court lacked authority to enter the order while the case was pending in this court. This court sent a

3

letter directing that a motion for permission to enter the new trial order be filed in the Court of Appeals pursuant to RAP 7.2(e). No action was taken.

This court denied reconsideration on December 8, 2010. After a petition for review was denied, this court issued its mandate April 12, 2011. The State noted a trial setting hearing for July 11. The defense objected to the setting of a trial date and maintained that it was not waiving timely trial under CrR 3.3. The court on July 11 set the matter for trial on September 13. On July 18, the defense formally objected that the new trial date was in violation of CrR 3.3.

The trial court entered a written decision denying the motion to dismiss on August 11, concluding that CrR 3.3(c)(2)(iii) controlled the setting of a trial date. An order, accompanied by findings of fact, denied the motion to dismiss on August 29. The court entered the order granting the new trial, also accompanied by appropriate findings, the next day. The State filed a notice of appeal from that ruling on September 15. The defense filed both a cross appeal and a motion for discretionary review of the CrR 3.3 ruling. This court granted discretionary review and consolidated Mr. Hawkins's case with the State's appeal.

## ANALYSIS

The parties each present one issue, which we address in the order the appeals were taken. The trial court erred in ruling that there was newly discovered evidence justifying

4

a new trial, but correctly concluded that the time for trial did not expire during the pendency of the prior appeal.

*New Trial Ruling*

The State challenges the new trial order on several grounds. We find one of those arguments dispositive and address only that aspect of the ruling.

A trial court's decision to grant a new trial is reviewed for abuse of discretion. *State v. Marks*, 71 Wn.2d 295, 302, 427 P.2d 1008 (1967). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Discretion also is abused when a court uses an incorrect legal standard in making a discretionary decision. *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995). "The question is not whether this court would have decided otherwise in the first instance, but whether the trial judge was justified in reaching his conclusion." *State v. Taylor*, 60 Wn.2d 32, 42, 371 P.2d 617 (1962).

To grant a new trial for "newly discovered evidence" under CrR 7.5, a trial court must apply a five factor test:

> A new trial will not be granted on that ground unless the moving party demonstrates that the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.

*State v. Williams*, 96 Wn.2d 215, 222-23, 634 P.2d 868 (1981). "The absence of any one of the five factors is grounds for the denial of a new trial." *Id.* at 223.

5

The State argues that four of the five *Williams* factors—all but factor (2)—do not support the trial court's ruling. While some of those arguments have apparent merit, we do not reach them in light of the failure to establish the third *Williams* factor.[1]

The third requirement is an explanation why the evidence could not have been produced at trial. Mr. Hawkins argues that this requirement was met by evidence that Mr. Martin only remembered the incident three years later. However, he never produced any evidence that he had sought information from Mr. Martin about the Kubota tractor prior to the time it was volunteered by Mr. Martin. Since the defense presented testimony about a similar incident[2] involving the sprayers at trial, and also used Mr. Martin to testify about the sprayers, it is difficult to believe that defense counsel did not ask Mr. Martin about the other equipment. Even more importantly, there is no indication that it could not have done so.

Similar showings have failed to satisfy this factor. *E.g.*, *In re Jones*, 41 Wn.2d 764, 774, 252 P.2d 284 (1953) (affidavits from treating doctor); *Gross v. Dep't of Labor & Indus.*, 177 Wash. 675, 677, 33 P.2d 376 (1934) (affidavits from four witnesses, one of whom had testified at hearing); *Nicholas v. Sec. State Bank*, 132 Wash. 239, 243, 231 P.

---

[1] As noted earlier, the trial court seemed somewhat concerned about the credibility of Mr. Martin's information and appeared to state the wrong standard for granting relief, two matters that reflect upon the first *Williams* factor. The materiality of this information also is questionable in light of the fact that it was not expressly linked to Mrs. Hawkins's family.

[2] *Hawkins*, 157 Wn. App. at 743.

6

805 (1925) (letter in possession at time of trial was not newly discovered); *State v. Vance*, 29 Wash. 435, 488-89, 70 P. 34 (1902) (witnesses known at time of trial); *State v. Barry*, 25 Wn. App. 751, 760, 611 P.2d 1262 (1980) (witnesses known, but not called, at time of hearing).

The trial court's written ruling more or less acknowledged that the defense could have found this information earlier: "had the right question been asked to Mr. Martin prior to trial that this evidence could have been secured and introduced." CP at 1129. Instead, the court excused counsel's failure to inquire given the theory of the case. While this is a reasonable explanation for why the defense did not discover the evidence, it is not an explanation for why the defense could not have discovered the evidence. Under *Williams*, it was the latter standard that needed to be satisfied. The defense did not do so here.

The trial court incorrectly applied the law to this evidence. That constitutes an abuse of discretion. *Rundquist*, 79 Wn. App. at 793. Accordingly, we reverse the order granting a new trial.

*Time for Trial*

Mr. Hawkins argued unsuccessfully to the trial court that his right to a timely trial under CrR 3.3 had expired, thus requiring dismissal of the case. We disagree with that assessment and affirm the trial court's ruling on this matter.[3]

"The application of the speedy trial rule to a particular set of facts is a question of law subject to de novo review." *State v. Raschka*, 124 Wn. App. 103, 108, 100 P.3d 339 (2004). This court reviews the denial of a CrR 3.3 motion to dismiss for abuse of discretion. *City of Seattle v. Guay*, 150 Wn.2d 288, 295, 76 P.3d 231 (2003). Court rules are reviewed de novo just like statutes. *State v. George*, 160 Wn.2d 727, 735, 158 P.3d 1169 (2007). Rules that are clear on their face do not need interpretation. *City of Bellevue v. Hellenthal*, 144 Wn.2d 425, 431, 28 P.3d 744 (2001).

CrR 3.3 provides that a defendant shall be brought to trial within 60 days of arraignment if held in custody on the charge for which he was arraigned, or within 90 days of arraignment if released on that charge. CrR 3.3(b)(1)(i), (2)(i). CrR 3.3(c)(2) provides a list of events which result in a resetting of the commencement date. The entry of an order granting a new trial resets the commencement date to the date of the order. CrR 3.3(c)(2)(iii). The acceptance of review by an appellate court resets the

---

[3] In so doing, we do not address the issue, not raised by the parties, of the effect of our reversal of the new trial order on an actual CrR 3.3 violation.

8

commencement date to the date of the defendant's first trial court appearance following

the superior court clerk's receipt of the mandate. CrR 3.3(c)(2)(iv).

The parties draw their arguments around the latter two noted subsections of CrR

3.3. In relevant part, they provide:

> (2) Resetting of Commencement Date. On occurrence of one of the following events, a new commencement date shall be established, and the elapsed time shall be reset to zero. If more than one of these events occurs, the commencement date shall be the latest of the dates specified in this subsection.
>
> . . . .
>
> (iii) New Trial. The entry of an order granting a mistrial or new trial or allowing the defendant to withdraw a plea of guilty. The new commencement date shall be the date the order is entered.
>
> (iv) Appellate Review or Stay. The acceptance of review or grant of a stay by an appellate court. The new commencement date shall be the date of the defendant's appearance that next follows the receipt by the clerk of the superior court of the mandate or written order terminating review or stay.

CrR 3.3(c)

Mr. Hawkins argues that the trial court's October decision started the new trial

period either when it issued or when the mandate issued in April. His arguments fail on

several grounds. First, the trial court's October decision was identified by the trial judge

to be just that—a decision and not an order. The judge expressly told counsel that the

attorneys would be responsible for preparing the order. By the plain terms of subsection

(iii), there was no operative document to trigger a new commencement date; only an

"order" commences the time for trial period.

9

Second, the October decision could not have been effective while the original judgment was on appeal. RAP 7.2(e) states the applicable principle: a trial court has authority to make a decision on a postjudgment motion within its authority, but can only enter an order that changes the ruling under review after receiving permission from the appellate court. This court had the original judgment and sentence under review and since the trial court's decision would alter that judgment by setting a new trial, RAP 7.2(e) was applicable. Although this court had news of the October ruling and requested that a RAP 7.2(e) motion be filed, neither party did so. Thus, even if the October ruling had been an order, it could not be effective while this court had jurisdiction over the judgment.

CrR 3.3(c)(2)(iii) did not become applicable to this case until the written order granting the new trial was entered on August 30. Accordingly, the trial court correctly denied the motion to dismiss. The only provision of CrR 3.3 that could arguably have applied to this case up to that point was CrR 3.3(c)(2)(iv).[4] That provision was inapplicable because this court affirmed the judgment. As the appellate decision did not result in a need for a new trial—or any other trial court proceeding— the provisions of subsection (iv) were irrelevant. The outcome of the appeal simply permitted the original judgment and sentence to be served.

---

[4] If it had been applicable, there was no violation since the defendant's next appearance in court following the mandate was the July trial setting hearing.

10

These issues thereafter resolved themselves in a manner consistent with the best interests of the parties.[5] Having won a new trial, the defense was understandably in no hurry to schedule the new trial until its original appeal had run its course. The prosecutor equally understandably sought to push the matter forward in order to pursue its appeal of the new trial ruling.

The trial court correctly denied the CrR 3.3 motion and we affirm that ruling. The order granting the new trial is reversed and the original judgment is therefore reinstated.

Reversed in part and affirmed in part.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

_____

[5] Both parties were zealously represented at trial and on appeal by counsel who displayed the professionalism that is the hallmark of the finest members of the profession.