[No. 21380.   Department One.   December 13, 1928.]

C. W. LOWE, *Appellant*, v. N. B. CLARK & COMPANY, *et al., Respondents.*[1]

[1]Reported in 272 Pac. 955.

268

*Elias A. Wright* and *Sam A. Wright,* for appellant.
*John T. Casey,* for respondents.

MITCHELL, J.—C. W. Lowe recovered judgment against Augustine P. Casey which, on appeal, was affirmed, *Lowe v. Casey, ante* p. 264, 272 Pac. 954. That judgment was procured and filed in the superior court on December 2, 1927. On December 30, 1927, the defendant filed notice of appeal, together with an appeal bond.

Thereafter writs of garnishment, sued out by the plaintiff, judgment creditor, were directed to and served upon N. B. Clark & Co. and the National Bank of Commerce of Seattle. After the writs of garnishment were served, the defendant Casey on Jan. 9, 1928, executed and filed a supersedeas bond in the case he had appealed. On February 11, 1928, C. W. Lowe procured and filed an order of default and judgment against N. B. Clark & Co. Thereafter, upon motion and application, the superior court quashed both writs of garnishment and vacated the judgment against N. B. Clark & Co. C. W. Lowe has appealed.

Relying on subdivision 1 of the appeal statute, Rem. Comp. Stat., § 1716, motion to dismiss this appeal has been made. The language of that paragraph provides for appeals

". . . from the final judgment entered in any action or proceeding,' and an appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment, . . ."

the argument on the part of respondents being that the order now complained of by the present appellant was made in the original case subsequent to the entry of the judgment therein from which Casey appealed.

But the order complained of, and from which Lowe is appealing, was not made in the case of *Lowe v. Casey, supra,* nor within the sense contemplated by that statute. It was made in the separate garnishment proceeding, and while the defendant in the original action has the right to appear in the garnishment case, the garnishment proceeding is primarily an action against another party, the debtor of the debtor in the original action. Section 683, Rem. Comp. Stat., provides that the clerk shall separately docket the garnishment case in the name of the plaintiff as plaintiff and the garnishee as defendant, and in *Tatum v. Geist,* 40 Wash. 575, 82 Pac. 912, we held that, while garnishment is ancillary to the main action, it is nevertheless a proceeding within the meaning of the statute relating to appeals to this court, and that any order made therein that finally determines the rights of a party in that proceeding is appealable by the one aggrieved. The two proceedings are separate in this respect. There was nothing in the judgment in the principal or original action that aggrieved Lowe; he could not, nor did he, attempt to take any appeal in that action. To present assignments of error, he must appeal from the judgment he complains of. The appeal will not be dismissed.

■ Considering the contentions of the appellant, the statute on appeals, Rem. Comp. Stat., § 1722, provides that when an appeal and supersedeas bond has been filed

"  .  .  . the appeal shall operate so long as it shall remain effectual under the provisions of this title to stay proceedings upon the judgment or order appealed from."

The statute of itself does not purport to relate back and cancel any right already obtained by the party against whom the supersedeas is filed. It simply pro-

vides for staying proceedings, that is, leaving the rights of the parties just as they are on the date of the filing of the supersedeas bond.

In this case the appellant had the statutory right to sue out and serve the writs of garnishment, as he did prior to the date of the supersedeas bond. The service of the writs affected indebtedness due from the garnishees to the defendant, as well as personal property or effects, if any, belonging to the defendant in the possession of the garnishees, as provided by the statutes construed in *Frieze v. Powell,* 79 Wash. 483, 140 Pac. 690. The orders quashing the writs of garnishment in this case not only released all such indebtedness and effects owing or held by the garnishees, but in effect determined those proceedings. *Tatum v. Geist,* 40 Wash. 575, 82 Pac. 912. In our opinion a judgment creditor should not be deprived of his rights under the service of such writs in the absence of some law clearly providing therefor.

The remedy by garnishment is purely statutory. *Morris & Co. v. Canadian Bank of Commerce,* 95 Wash. 418, 163 Pac. 1139. Our statutes upon the subject of garnishment do not provide for a situation where the judgment in the original action is superseded pending appeal in that action.

Counsel for respondent calls attention to Rem. Comp. Stat., § 1727, which provides for the countermanding of an execution and the release of property levied upon on the filing of a supersedeas. But in our opinion that law has no bearing upon the question here. It has to do with proceedings involving the rights of only the parties to the action out of which the execution issued, but not to proceedings against a third party. It was intended to overcome the common law rule that a supersedeas must be perfected

and filed prior to the issuance and levy of an execution to prevent the sale of property by the sheriff.

The precise question in this case is new in this state, and at the same time somewhat novel. The case most in point, that we are aware of, and the reasoning of which we think is sound, is *Garrett v. Mayfield Woolen Mills,* 153 Ala. 602, 44 South. 1026. In that case the court held, as we hold in this state:

"The proceeding by garnishment in point of law is the institution of a suit in which the creditor is permitted to proceed against the debtor of his debtor, and therefore would seem to be governed by the general rules applicable to other suits."

It also appears from the opinion in that case that in that state, as here, an appeal bond does not effect a stay of proceedings unless it is further conditioned as a supersedeas. In that case Mayfield Woolen Mills obtained a judgment against a bank. The bank appealed, superseding the judgment by a proper bond. The judgment was finally affirmed on the appeal. Before the appeal was taken, the judgment creditor sued out a writ of garnishment and served it upon the debtor of the judgment debtor, it being returnable to the October term, 1905, of the court, which convened on the second day of that month. Because of an order continuing the garnishment proceeding and permitting the garnishee to answer at a later time, the garnishment case was not finally heard until after the bank's appeal in the original case had been disposed of by an affirmance. It appears that at the final trial of the garnishment case the garnishee defendant moved to quash the writ, because of the supersedeas in the original action, although filed after the service of the writ of garnishment. The motion was denied, and upon the trial there was judgment against the garnishee de-

fendant, from which he appealed. In affirming the judgment the court said:

"By this writ the garnishee was required to answer within the first three days of the term. Code 1896, sec. 2175. The supersedeas bond by the bank was not executed until the 7th day of October, 1905—more than four days after the return day of the writ of attachment, and more than three days after an order had been entered continuing the cause and permitting the garnishee to answer at the next term of the court. The date of this order is shown to be October 4, 1905. It is true that on the 28th day of September, just preceding the convening of the court, the bank gave security for costs of the appeal; but this did not operate to suspend the judgment, nor to prevent its enforcement by execution or otherwise. *Ex parte Hood,* 107 Ala. 520, 18 South. 176. This suspension only took place after the supersedeas bond was executed. But its execution did not operate to deprive the court of the jurisdiction it had acquired by the writ, or destroy its efficacy, unless the judgment superseded had been reversed by this court upon the appeal. It did, it is true, pending the appeal, suspend the right of the trial court to proceed to a hearing of the garnishment suit against the appellant until the appeal was decided by this court; and this effect, it appears, the trial court accorded to it by continuing the cause. When the appeal was disposed of by an affirmance of the judgment, that terminated the suspension, and the trial court was free to proceed with the cause, unless it had been discontinued in the meantime. 2 Cyc. 908, 909; 20 Ency. Pl. & Pr. 1240."

Then upon discussing an earlier case of that court, relied on by the appellant, and stating what it held, the court said:

"But this is far from holding that the writ of garnishment as a process for the collection of the judgment became *functus* by reason of the appeal and the affirmance. To the contrary, neither the supersedeas nor the judgment of affirmance operated to impair or

destroy the validity of the judgment appealed from. The motion to quash the writ of garnishment was therefore correctly denied.''

The effect of a supersedeas is to preserve the *status quo, stay proceedings;* it does not reverse or undo what has already been done.

The final order appealed from in this case, in so far as it vacates the judgment against N. B. Clark & Co., is affirmed. That portion of the order quashing the two writs of garnishment is reversed. The order in this respect at that time should have been to continue the writs or hearing on them until the appeal in the original case was determined.

The cause is remanded with directions to the superior court to enter an order setting aside the order quashing the writs of garnishment.

TOLMAN, HOLCOMB, and BEALS, JJ., concur.