[No. 35025.    Department Two.    February 4, 1960.]

LEON G. SUTTON, *Respondent*, v. MARTIN DIIMMEL *et al.*, *Respondents*, GENERAL MOTORS CORPORATION, *Appellant*.
LLOYD McGLENN, *Respondent*, v. MARTIN DIIMMEL *et al.*, *Respondents*, GENERAL MOTORS CORPORATION, *Appellant*.[1]

*Howard V. Doherty*, for appellant.

*Johnston & Raley* and *Wilson & Chamberlin*, for respondents.

MALLERY, J.—These are consolidated actions for damages to two parked automobiles caused by the overturning of a loaded logging truck. The defendant logging operator brought General Motors Corporation in as an additional defendant and sought judgment against it for the damage his truck suffered in turning over. The court entered judgment

[1] Reported in 349 P. (2d) 226.

for both automobile owners and the logging truck owner against General Motors Corporation, which appeals to this court.

The independent logger had purchased his GMC truck August 1, 1954, and had operated it for about twenty-six hundred miles.

On August 26, 1954, the logger's driver was bringing a load of logs into Port Angeles on Lincoln street, which is long and steep. When he applied the brakes, he discovered that they were wholly ineffective as was also the hand brake. The great peril presented by this situation was successfully minimized by turning into a side street, where the truck turned over and damaged itself and the two parked automobiles.

Appellant assigns as error the trial court's findings of fact as to the cause of the brake failure.

The trial court found it was due to a defective brake fluid hose connecting the foot pedal with the brakes, which appellant had negligently installed without adequate tests or inspection. The brake failure resulted from the leakage of the brake fluid through the defect, which was in the hose when it left the manufacturer's plant.

Notwithstanding the conflict in the evidence, we find that the record supports the findings, because the defect was located in such a protected position in the truck that it could not have received external damage after it was installed, and but for the defect the hose would have been good permanently.

Appellant assigns error to the exclusion of certain cumulative testimony regarding General Motors Corporation's system of brake inspection, and other cumulative evidence to the general effect that no similar complaints had been made in other cases regarding defective brake hoses.

We think in a trial to the court that the refusal of this cumulative evidence of doubtful relevancy was not prejudicial error.

The appellant contends that in any event it is liable only on its warranty and that damages should therefore be

limited to replacement of defective parts in accordance with the terms of the contract of sale, and that parties not privy to the contract cannot recover from it in any amount.

We do not agree. The rule in Washington is that a manufacturer of an article, which is inherently dangerous by reason of a defect due to negligent fabrication, is liable for the injuries proximately caused by the defect. *Baxter v. Ford Motor Co.*, 168 Wash. 456, 12 P. (2d) 409, 88 A. L. R. 521; *Bock v. Truck & Tractor, Inc.*, 18 Wn. (2d) 458, 139 P. (2d) 706.

The judgment is affirmed.

FINLEY, ROSELLINI, FOSTER, and HUNTER, JJ., concur.