[No. 37269. Department Two. November 4, 1965.]

CLAUDIA BROWN et al., Appellants, v. GENERAL MOTORS CORPORATION, Respondent.*

*Reported in 407 P.2d 461.

*George N. Apostol,* for appellants.

*Frank H. Roberts, Jr.,* for respondent.

HAMILTON, J.—Plaintiff, Mrs. Claudia Brown, purchased at retail a new Cadillac automobile in July, 1959. She drove it approximately 33,000 miles. On May 10, 1961, Mrs. Brown, with coplaintiff, Mrs. Harold A. Morrison, as a guest passenger, was driving the vehicle from Seattle to eastern Oregon and Idaho. While traveling at about 50 to 55 miles an hour on a straight unobstructed highway

near Prosser, Washington, the wheels appeared to lock and the automobile veered from the highway into a ditch. Mrs. Brown and Mrs. Morrison were injured and the car was demolished. Believing that the accident was caused by a defect in the braking system of the Cadillac, plaintiffs initiated this suit for damages against the manufacturer, General Motors Corporation, alleging negligence and breach of warranty. The defendant denied liability and the action proceeded to trial.

The trial court ordered separate trials upon the issues of liability and damages. At the conclusion of plaintiffs' evidence on the issue of liability, the trial court dismissed plaintiffs' negligence claim and, upon conclusion of all the evidence, submitted the issue of liability to the jury upon the theory of breach of express and/or implied warranty. The jury returned a verdict in favor of defendant. Plaintiffs' post trial motions were denied and judgment of dismissal was entered. From such judgment comes this appeal.

Plaintiffs have made some 22 assignments of error. They fall into three categories: (1) Assignments directed to pretrial procedures; (2) assignments directed to matters arising during trial; and (3) assignments directed to post trial orders.

In category (1) plaintiffs first assign error to a pretrial order directing their expert witness to answer defense questions on discovery deposition; which called for the witness' conclusions. This order, plaintiffs contend, violates that portion of Rule of Pleading, Practice and Procedure 26(b), RCW vol. 0, which reads:

> The court shall not order the production or inspection of any writing that reflects an attorney's mental impressions, conclusions or legal theories, or, except as provided in Rule 35, the conclusions of an expert.

However interesting the issue presented by this assignment might be, we do not here reach it for the reason that plaintiffs' counsel, at the time of taking the deposition, directed the witness to refrain from answering questions calling for his conclusions. The witness obeyed counsel's instructions and none of the witness' conclusions were

directly revealed to defense counsel during the deposition. Neither the witness nor plaintiffs' counsel were cited for contempt and defense counsel did not otherwise seek to enforce the pretrial order. Accordingly, so far as this appeal be concerned, the matter is now academic.

Plaintiffs next assign error to the trial court's action in ordering separate presentation of the issues of liability and damages.

The trial court's order in this regard was prompted by a motion presented by defendant's counsel. In an affidavit in support of the motion, defendant's counsel averred that the issue of liability primarily involved a factual determination of whether the Cadillac was defective at the time of manufacture, that liability was highly questionable under the facts of the case, and that the issue of liability could be tried and resolved in a relatively short time. He further asserted that the issue of damages would possibly involve the testimony of some 17 medical witnesses, the production and introduction of a number of separate hospital records, and would otherwise unduly extend the time and expense of the trial, all to the prejudice of all parties if defendant was not liable.

Plaintiffs' counsel strenuously opposed the motion. By affidavit he challenged the averments of opposing counsel and asserted that the issues of liability and damages were so intermingled as to make it burdensome upon plaintiffs if they were required to present them separately. He further contended that separation of the issues would amount to piecemeal litigation, would prejudice plaintiffs' cause, and would deny them their constitutional right to trial by jury.

The trial court considered the respective affidavits, heard oral arguments, and granted defendant's motion. At the time of making the order separating the issues for hearing, the trial court advised counsel that evidence pertaining to damages would be presented to the same jury should its verdict on liability be favorable to plaintiffs. The trial court, furthermore, specifically reserved the right to reconsider

the matter during the course of the hearing on the liability issue.

The trial court's action was predicated upon Rule of Pleading, Practice and Procedure 42(a), RCW vol. 0, which provides:

> *Separate Trials.* The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

▋ This rule, as its language indicates, vests the trial court with discretionary power to order a separate submission of issues in the trial of any claim for relief. It is not, however, a rule that calls for or properly lends itself to a liberal or indiscriminate application. It should be carefully and cautiously applied and be utilized only in a case and at a juncture where informed judgment impels the court to conclude that application of the rule will manifestly promote convenience and/or actually avoid prejudice. Piecemeal litigation is not to be encouraged. 4 Orland, Wash. Prac. 276; 2B Barron & Holtzoff, Federal Practice & Procedure § 943, at 187; 5 Moore, Federal Practice ¶ 42.03 (2d ed. Supp. 1964); 88 C.J.S. *Trial* §§ 8, 9. Particularly is this so in the field of personal injury litigation, where the issues of liability and damages are generally interwoven and the evidence bearing upon the respective issues is commingled and overlapping. 85 A.L.R.2d 9; 46 Iowa L. Rev. 815 (1960-61); 46 Minn. L. Rev. 1059 (1961-62); 48 Va. L. Rev. 99 (1962). In fact, one state appellate court has refused to apply the rule to such litigation. *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1 (1958). Others have severely limited, if not practically eliminated, its utilization in this type of case. *Peasley v. Lapeer Circuit Judge*, 373 Mich. 222, 128 N.W.2d 515 (1964); *Bowen v. Manuel*, 144 So.2d 341 (Fla. Dist. Ct. App. 1962). Separation of issues, however, in an appropriate case, does not violate constitutional rights to trial by jury, particularly if both issues are submitted to the same jury. *Hosie v. Chicago & No. W. Ry.*, 282 F.2d 639 (7th Cir. 1960), *cert.*

*denied.* 365 U.S. 814, 5 L. Ed. 2d 693, 81 Sup. Ct. 695 (1961); *Peasley v. Lapeer Circuit Judge, supra.*

In the instant case, we have carefully reviewed the affidavits presented to the trial court, its ruling, and the evidence adduced at the trial. We are satisfied that, in this case, the issues of liability and damages were singularly separable and distinct, that the possibility of a substantial saving in trial time, expense, and convenience to the court and to the respective parties was clearly discernible, and that prejudice to plaintiffs, beyond the chance of a compromise verdict, was not and has not been shown. Accordingly, we hold that the trial court did not abuse its discretion in separating the issues in the manner it did.

The remaining assignments of error in the category of pretrial procedures relate to the trial court's action in quashing a subpoena, striking certain requests for admissions of fact, and denying a motion to strike defendant's answer. We find no reversible error arising out of these assignments. Further discussion of these assignments would add nothing of significance to the decisional law of this state.

In the second category of assignments of error—assignments relating to matters arising during trial—plaintiffs' principal arguments are directed to the trial court's action in withdrawing their claim of negligence from the jury's consideration.

Plaintiffs first contend this action constituted prejudicial and reversible error, even though the trial court submitted their theories of breach of express and/or implied warranties to the jury. We disagree.

The core of plaintiffs' claim for relief, upon any theory of liability, was their allegations that the accident was caused by a factory born defect or defects in the braking mechanism of the Cadillac. The defect or defects asserted by plaintiffs consisted of either a maladjusted push rod in the power section of the brake, an imperfect die cast plate in the power brake assist unit, or a foreign object in the power vacuum unit. It was around these allegations and the issue of proximate cause about which the evidence

primarily revolved, and it was upon a jury finding of the existence of a claimed defect and its causal relationship to the accident upon which any finding of liability had to basically rest. These vital questions were submitted to the jury under the theory of breach of warranty. Submitting them also under the theory of negligence would have added nothing to their determination.

■ The theories of negligence and breach of warranty, so far as a manufacturer's liability for having furnished an inherently dangerous product to the public be concerned, both sound in tort. *Dipangrazio v. Salamonsen,* 64 Wn.2d 720, 393 P.2d 936 (1964); *Brewer v. Oriard Powder Co.,* 66 Wn.2d 187, 401 P.2d 844 (1965). They are parallel theories upon which liability may be premised. They are not inconsistent or repugnant to one another, and in appropriate cases present alternative premises for recovery. They do tend, however, to overlap in some instances and can become duplicitous bases for recovery. In such instances, it would appear that the theory of negligence, with its requirement of a finding of fault, for all practical purposes becomes submerged in the theory of breach of warranty, with its omen of liability without fault, and submission of both theories to the trier of the facts would furnish aught but a remote or strategic benefit to the complainant. Such we feel was the situation in the instant case; hence, we find no prejudicial error in the action of the trial court.

■ Parenthetically, it should be noted that the measure of damages, so far as either of the plaintiffs be concerned, would be essentially the same under either theory of liability. *Baxter v. Ford Motor Co.,* 168 Wash. 456, 12 P.2d 409, 88 A.L.R. 521 (1932); *Bock v. Truck & Tractor, Inc.,* 18 Wn.2d 458, 139 P.2d 706 (1943); *Sutton v. Diimmel,* 55 Wn.2d 592, 349 P.2d 226 (1960).

Plaintiffs next assign error to the instruction to the jury by which the theory of negligence was withdrawn from consideration. Plaintiffs contend the instruction, by its language. amounted to a comment on the evidence and was

tantamount to directing a verdict against them. Again we must disagree.

■ In the first place, plaintiffs' exception to the instruction at the time of trial did not adequately advise the trial court of the claims of error which plaintiffs now assert. In fact, plaintiffs' exception tacitly approved the form of the instruction. In the second place, the instruction, though inartfully drawn, cannot be said to constitute an unconstitutional comment on the evidence or direct a verdict for defendant when it is read in conjunction with and in the light of the other instructions. Accordingly, we find no merit in this assignment of error.

Plaintiffs direct several assignments of error toward the admission into evidence of a number of exhibits offered by defendant. The exhibits consist of photographs of and physical objects taken from the Cadillac by agents of the defendant in April, 1962, some 11 months after the accident. Plaintiffs' principal argument in support of these assignments of error is that there was an insufficient showing that the vehicle and the physical objects taken from it were in the same condition as they were at the time of the accident.

■ The applicable rule is succinctly stated in 32 C.J.S. Evidence § 607 at 764-66, as follows:

In order that an article or substance may be introduced for inspection a proper foundation for its admission in evidence must be laid by satisfactorily identifying it. . . . It must also be shown to the satisfaction of the court that no such substantial change in the article exhibited as to render the evidence misleading has taken place. The determination of whether there has been a change, so substantial or material, in an article or object, that it should not be admitted rests largely in the discretion of the trial court, and it is not necessary that the article be identically the same as at the time in controversy.

An article may be introduced for inspection without negating the possibility that an opportunity existed for tampering with it, and without showing an absence of tampering on the part of every person through whose hands the article has passed. As long as the article can

be identified it is immaterial in how many or in whose hands it has been. While a direct statement that the article was in the same condition at the time of an occurrence as at a subsequent time is sufficient, such a direct statement is not essential if it sufficiently appears that the article must have been in substantially the same condition.

As indicated, the trial court is necessarily invested with considerable discretion in determining the sufficiency of the identification of proffered exhibits, including photographs, and its ruling will not be disturbed unless there is a clear abuse. See *Kellerher v. Porter*, 29 Wn.2d 650, 189 P.2d 223 (1948); *Kiessling v. Northwest Greyhound Lines, Inc.*, 38 Wn.2d 289, 229 P.2d 335 (1951); and *State v. Tatum*, 58 Wn.2d 73, 360 P.2d 754 (1961).

We find no abuse of the trial court's discretion in the admission of the challenged exhibits.

Plaintiffs' remaining assignments in this category relate to rulings on objections arising during their direct examination of an employee of defendant. Plaintiffs have not convincingly demonstrated any reversible error arising out of these rulings. Further discussion is not warranted.

We turn then to the third category of assignments of error. The major thrust of these assignments is toward the denial of plaintiffs' motion for new trial, interposed upon the grounds of newly discovered evidence.

With their motion for new trial, plaintiffs' counsel filed an affidavit of the owner of the wrecking yard where the Cadillac was located in April, 1962. The tenor of this affidavit was a challenge to the veracity of defendant's expert witness in connection with his testimony relating to the physical objects he had removed from the Cadillac and which were admitted into evidence. In response, defendant's counsel filed his own affidavit. The motion came on for argument, following which the trial court continued the matter to permit the filing of briefs and additional affidavits. Defendant thereafter submitted several affidavits and the plaintiffs one additional affidavit. The affidavits submitted by defendant substantially weakened the import of plaintiffs' affidavits. The trial court considered the affi-

davits, the arguments of counsel, and entered an order denying plaintiffs' motion for new trial.

■ A motion for new trial upon the basis of newly discovered evidence is addressed to the sound discretion of the trial court. The trial court's determination upon such motion will not be disturbed on appeal unless it be for an abuse of discretion. *McUne v. Fuqua,* 42 Wn.2d 65, 253 P.2d 632 (1953); *Davenport v. Taylor,* 50 Wn.2d 370, 311 P.2d 990 (1957).

■ We have also held that a new trial should not be granted, based upon affidavits that merely impeach a witness or affect his credibility. *Donovick v. Anthony,* 60 Wn.2d 254, 373 P.2d 488 (1962).

Considering all of the affidavits presented, we cannot say the trial court abused its discretion in denying plaintiffs' motion for new trial.

One further and final assignment of error remains. It arises from the following procedural situation. Judgment dismissing plaintiffs' action, based upon the jury's verdict, was entered on June 28, 1963. By its terms the judgment awarded costs to defendant, together with interest thereupon in the amount of 6 per cent per annum. According to its cost bill defendant's taxable costs amounted to $543.35. Plaintiffs filed and served their notice of appeal from the judgment on July 15, 1963, and on July 19, 1963, filed a bond for costs on appeal. On October 16, 1963, defendant caused to be issued a writ of garnishment upon the basis of the judgment for costs. It was directed to the employer of plaintiff Harold A. Morrison. The garnishee-defendant answered on October 22, 1963, disclosing an indebtedness to Mr. Morrison in an amount less than the judgment. On October 24, 1963, plaintiffs served and filed a supersedeas bond in the amount of $650. Plaintiffs thereafter moved in superior court for an order directing the defendant to obtain and effect a release of the garnishment. The superior court denied the motion.

■ In *Lowe v. N. B. Clark & Co.,* 150 Wash. 267, 272 Pac. 955 (1928) this court was confronted with an analogous situation. After reviewing the ancillary nature of garnish-

ment proceedings and the office of a supersedeas bond, this court reversed an order of the superior court quashing writs of garnishment which were outstanding at the time of the filing of a supersedeas bond. We there stated at 273:

> The effect of a supersedeas is to preserve the *status quo, stay proceedings;* it does not reverse or undo what has already been done.
>
> . . . . That portion of the order quashing the two writs of garnishment is reversed. The order in this respect at that time should have been to continue the writs or hearing on them until the appeal in the original case was determined.

This court adhered to the principle announced in *Lowe,* relative to the effect of a supersedeas, in *Straus v. Wilsonian Inv. Co.,* 177 Wash. 167, 31 P.2d 516 (1934). See, also, *In re Walton Plywood,* 227 F. Supp. 319 (W.D. Wash. 1964).

Plaintiffs have cited no authority, nor have they advanced any argument which would warrant overturning or modifying the holding in *Lowe v. N. B. Clark & Co., supra.* The superior court, therefore, did not err in applying the principle of that case.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and STAFFORD, J. Pro Tem., concur.

December 27, 1965. Petition for rehearing denied.