In re Liza CHONG, aka Liza W. G. Chong, aka Chong Wah Goon, aka Liza Wah Goon Chong, aka Liza Tang, aka Elizabeth Tang, Debtor.

Bankruptcy No. 80–00118.

United States Bankruptcy Court, D. Hawaii.

Aug. 7, 1980.

**2**

T. Irving Chang, Honolulu, Hawaii, for American Security Bank, creditor.

Randolph R. Slayton, Honolulu, Hawaii, for debtor.

Jennie Chun, John Jubinsky, Honolulu, Hawaii, petitioning creditor.

Bert T. Kobayashi, Jr., Honolulu, Hawaii, for Hayashi.

Joseph M. McKellar, Honolulu, Hawaii, trustee for Liza, Inc.

Scott Nakagawa, Honolulu, Hawaii, Trustee.

Ronald Au and Connie Meredith, Honolulu, Hawaii, for Ng & Wing, mortgagees.

Paul A. Lynch and Stephen D. Whittaker, Honolulu, Hawaii, for creditor.

Don Jeffrey Gelber, Honolulu, Hawaii, for Kauhi.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

On March 4, 1980, Gilbert F. L. Kauhi, hereafter "Kauhi", Joseph M. McKellar, hereafter "McKellar", trustee of Liza, Inc.; H. T. Hayashi, hereafter "Hayashi", and Jennie Chun, hereafter "Chun", filed an Involuntary Petition for Relief Under Chapter 7 of the Bankruptcy Code against Liza Chong, hereafter "Chong", also known as "Liza W. G. Chong", "Chong Wah Goon", "Liza Wah Goon Chong", "Liza Tang", and "Elizabeth Tang".

On June 13, 1980, Case, Kay & Lynch, hereafter "Case", filed a joinder in the Involuntary Petition for Relief Under Chapter 7. By filing said joinder, pursuant to section 303(c) of the Bankruptcy Code, Case obtains the status of a petitioning creditor. On March 21, 1980, Chong filed an Answer to Petition for Relief Under Chapter 7 contesting the material allegations of the petition.

A Motion for Summary Judgment was filed by Hayashi on June 20, 1980. Said Motion was heard on July 1, 1980 and July 2, 1980. Three issues were raised before the court:

1. Are the claims of Hayashi, Chun and Case contingent as to liability so as to disqualify them from being petitioning creditors.

2. Is Chong generally not paying her debts as the debts become due.

3. Based on facts is Summary Judgment warranted in this case.

Scott R. Nakagawa, interim trustee of the estate of Liza Chong, appeared on behalf of the estate; Randolph R. Slayton appeared for Chong; Ronald G. S. Au appeared for mortgagees, Mitchell Kaimana

Ng and Lou Hou Wing; T. Irving Chang appeared for mortgagee, American Security Bank; Louis Chang and John T. Komeiji appeared for Hayashi; and Don J. Gelber and Phillip Doi appeared for Kauhi.

Based on the arguments of counsel, the evidence adduced, the memoranda and records on file herein, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The attorney for Hayashi, movant in the Motion for Summary Judgment, stated at the hearing that Summary Judgment was based solely on the claims of Hayashi, Chun and Case. Thus, the Court will consider only the claims of those three creditors.

2. Hayshi, Chun and Case are persons or entities which have filed an involuntary petition in bankruptcy against Chong or filed a timely joinder therein.

3. Hayashi is the holder of a judgment dated September 5, 1978 against Chong in the amount of $1,032,022.02, which judgment is currently on appeal to the Intermediate Court of Appeals of the State of Hawaii. Chong has not posted any supersedeas bond in that appeal.

4. Chun is the holder of a default judgment filed on December 21, 1977 in State Circuit Court, against Chong in the amount of $8,349.50. Said judgment has not been appealed and the time for appeal has expired. Therefore, said judgment is no longer reviewable and is final.

5. Case is the holder of a default judgment, dated February 17, 1977, against Chong in the amount of $19,610.18. Said judgment has not been appealed and the time for appeal has expired. Therefore, said judgment is no longer reviewable and is final.

6. The claims of Hayashi, Chun and Case, aggregate to at least $5,000.00 more than the value of any lien on property of Chong securing such claims.

7. Certified copies of the above-three judgments were introduced into evidence at the July 3, 1980 hearing. The above-three petitioning creditors have also attached affidavits to the Motion for Summary Judgment. Said affidavits allege the amounts owed and that the amounts owed have not been paid. Therefore, this court finds that none of the claims or debts mentioned above have been paid by Chong and all are still outstanding. The claims or debts mentioned are claims or debts which have been noted in the record herein or about which Chong testified at her examination.

8. These Findings of Fact, insofar as they are conclusions of law, are incorporated by reference in the conclusions of law hereinafter stated.

## CONCLUSIONS OF LAW

I. Are the claims of Hayashi, Chun, and Case contingent as to liability so as to disqualify them from being petitioning creditors?

1. Section 303(b)(1) of the Bankruptcy Code states, in pertinent part, as follows:

(b) An involuntary case is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

2. The effect of the pending appeal on the finality of a judgment is governed by the law of the rendering forum. *Coclin Tobacco v. Griswald*, 408 F.2d 1338 (1st Cir. 1969); *cert. denied*, 396 U.S. 940, 90 S.Ct. 373, 24 L.Ed.2d 241 (1969).

3. Under Hawaii law, an appeal from a judgment does not vacate the judgment appealed from, *Solarana v. Industrial Electronics*, 50 Hawaii 22, 428 P.2d 411 (1971); and presumably does not affect the *res-judicata* effect of the judgment as be-

tween the parties. Therefore, a pending appeal does not affect a determination of liability and amount.

4. Further, under Hawaii law and according to the weight of authority, a supersedeas in appeal does not cancel any right already obtained by the judgment creditor. *MDG Supply, Inc. v. Diversified Investments, Inc.*, 51 Hawaii 375, 463 P.2d 525 (1969); *Lowe v. N. B. Clark & Co.*, 150 Wash. 267, 272 P. 955 (1928); *Gumberts v. East Oak Street Hotel*, 404 Ill. 386, 88 N.E.2d 883 (1949). As stated by the court in *In re Walton Plywood*, 227 F.Supp. 319 (W.D.Wash.1964):

> It [the filing of a Supersedeas Bond] merely preserves the status quo pending appeal by operating against the enforcement of the judgment—not against the judgment itself. *Id.* at 325. (citations omitted).

5. Based on the foregoing, this court concludes, as a matter of law, that the claims of Hayashi, is not contingent and Hayashi qualifies as a petitioning creditor.

6. With respect to Chun and Case, resolution of the contingency question depends upon the significance this court places upon the fact that they have filed claims, in *In re Liza, Inc.*, Bk. No. 78–00013. Said claims based on the default judgment obtained by Chun and Case are contingent because if the claims are allowed in *In re Liza, Inc.*, Bk. No. 78–00013 (1978), those same claims cannot be allowed in these proceedings.

7. The complaints which resulted in the default judgments name both Liza Chong and Liza, Inc. as defendants. The default judgments which were entered by the state court also name Liza Chong and Liza, Inc. as defendants. Under Hawaii law, where the plaintiff obtains a judgment against both defendants, said judgment is joint and severable. Any execution that might be issued on the judgment could have satisfaction out of the joint property of the defendants if any or out of the separate property of either or partial satisfaction out of the property of the other. *Bowler v. McIntyre*, 9 Hawaii 306 (1893); *Kealoha v. Halawa Plantation*, 24 Hawaii 436 (1918).

8. Further, "contingency" under 303(b) of the Bankruptcy Code refers to whether or not liability has been fixed and the fact that the claim may be allowed in Liza, Inc., does not reduce in anyway the liability of Chong for said judgments. There is no contingency as to the liability of Chong; the claims of Chun and Case have been reduced to judgment and liability has clearly been established.

9. Based on the foregoing, this court concludes that the claims of Chun and Case are not contingent. As stated by the court in *In re Walton Plywood*, 227 F.Supp. 319 (W.D.Wash.1964),

> We are satisfied, therefore, that the claims in question, as reduced to judgment, fixing liability and amount between the parties, is sufficient to qualify the petitioning creditors—notwithstanding the possible occurrence of a condition *subsequent*, i.e. reversal on appeal, may ultimately determine nonliability in whole or in part. *Id.* at 326 (emphasis in original).

II. Is Chong generally not paying her debts as the debts become due?

10. Section 303(h) of the Bankruptcy Code provides as follows:

> (h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—
>
> (1) the debtor is generally not paying debts as such debts become due; or
>
> (2) within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

11. Under this section it is intended that the court consider both the number and amount in determining whether the inability or failure to pay is in fact "general". Further:

Although the precise scope and meaning assigned to the term of "generally not paying" are left to the courts, it is clear that a court must find more than a prospective inability by the debtor to pay only a few of his debts, and more than a part failure to pay a few of such liabilities. 2 *Collier On Bankruptcy*, ¶ 3031.11, at 303–28 (15th ed. 1979).

12. In this case, three affidavits have been introduced into evidence by the petitioning creditors. In each, the creditor states that no payment has been made. Chong, on the other hand, has not submitted any evidence showing that payments have been made.

13. Further, Chong in her April 7, 1980 deposition, which is on file herein, indicates that she has not had any source of income since the early part of 1977 and is a self-described "loafer". She is currently employed as an errand runner but receives only room and board. She obtains money only by requesting "gifts" from her relatives.

14. Based on the foregoing, this court concludes that Chong is generally not paying her debts as such debts become due.

III. Is Summary Judgment warranted in this case?

15. The principal inquiry on a motion for Summary Judgment is whether there is a genuine issue as to any material fact, and if none exists, whether the moving party is entitled to judgment as a matter of law. *Bushie v. Stenocard Corp.*, 460 F.2d 116 (9th Cir. 1972).

16. The movant bears the burden of showing that no genuine issue of material fact exists. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Byrnes v. Mutual Life Ins. Co. of New York*, 217 F.2d 497 (9th Cir. 1955), *cert. denied*, 348 U.S. 971, 75 S.Ct. 532, 99 L.Ed. 756 (1955). The evidence presented to the court is construed in favor of the party opposing a motion for Summary Judgment and is given the benefit of all favorable inferences that can be drawn from the evidence. *Pepper & Tanner, Inc. v. Shamrock Broadcasting, Inc.*, 563 F.2d 391 (9th Cir. 1977).

17. The facts asserted by the party opposing the motion, if supported by affidavits or other evidentiary material are regarded as true. *Bushie v. Stenocard Corp.*, 460 F.2d 116 (9th Cir. 1972).

18. Before Summary Judgment will be granted, it must be clear what the truth is and any doubt as to the existence of a genuine issue of material fact will be resolved against movant. *Poller v. Columbia Broadcasting Sys., Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

19. A movant is not entitled to a judgment merely because the facts he offers appear more plausible than those tendered by the opposition, or because it appears that the adversary is unlikely to prevail to trial. *Cox v. English-American Underwriters*, 245 F.2d 330 (9th Cir. 1957). If the evidence presented is subject to conflicting interpretations or reasonable men might differ as to its significance, Summary Judgment is improper. *Pepper & Tanner, Inc. v. Shamrock Broadcasting, Inc.*, 563 F.2d 391 (9th Cir. 1977).

20. In this case, the only evidence introduced was presented by movants. No evidence was submitted controverting the facts alleged by the movant.

21. Based on the evidence submitted, this court concludes that there is no genuine issue of material fact as to (1) the noncontingency of the claims of Hayashi, Chun and Case; (2) and that Chong is generally not paying her debts as the debts become due.

22. These Conclusions of Law, insofar as they are Findings of Fact, are incorporated by reference into the Findings of Fact hereinbefore stated.

An Order encompassing these findings of fact and conclusions of law will be signed upon presentment.