[No. 30357-8-III.   Division Three.   November 29, 2012.]

TIMOTHY WEIDERT ET AL., *Respondents*, v. JERALD A. HANSON ET AL., *Defendants*, PRODUCERS AGRICULTURE INSURANCE COMPANY, *Petitioner*.

*Brendan V. Monahan* and *Sarah Lynn Clarke Wixson* (of *Stokes Lawrence Velikanje Moore & Shore*), for petitioner.

*Kenneth A. Miller* (of *Miller Mertens Comfort Wagar & Kreutz PLLC*), for respondents.

¶1 BROWN, J. — Producers Agriculture Insurance Company (ProAg) appeals the trial court's equitable decision to

deny its motion to stay proceedings and compel contractual arbitration in a crop damage dispute with Tim Weidert and L.W. Weidert Farms Inc. (collectively Mr. Weidert). ProAg contends the trial court erred in overriding the arbitration agreement because the Federal Crop Insurance Act of 1980 (FCIA), 7 U.S.C. § 1501, and the Federal Arbitration Act (FAA), 9 U.S.C. § 1, preempt Washington law. Because the superior court properly exercised its equitable powers, we affirm the ruling denying the motion to stay proceedings without prejudice to either party to renew the motion to compel arbitration of the remaining issues at some future time.

## FACTS

¶2 Mr. Weidert purchased a Multi-Peril Crop Insurance (MPCI) policy for the 2009 crop year. In general, an MPCI policy provides catastrophic insurance protecting farmers from losses resulting from specified perils. Jerald Hanson, owner of Walla Walla Insurance Services, sold the policy to Mr. Weidert. The policy was insured by ProAg, a private insurer, and reinsured by the Federal Crop Insurance Corporation as part of a government program established by the FCIA.

¶3 The policy contains a dispute resolution clause partly providing:

> Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.
>
> (a) If you and we fail to agree on any determination made by us . . . the disagreement may be resolved through mediation[.] If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement *must be* resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA).

Clerk's Papers (CP) at 12 (citing 7 C.F.R. § 457.8). The policy goes on to state, "If you fail to initiate arbitration . . . and complete the process, you will not be able to resolve the

dispute through judicial review." CP at 12 (citing 7 C.F.R. § 457.8).

¶4 A drought occurred during the 2009 crop year; consequently, Mr. Weidert filed a crop loss claim with ProAg. Mr. Weidert was indemnified for approximately $522,306. Mr. Weidert believed he was inadequately advised and misled regarding his planting and coverage needs. Mr. Weidert initiated arbitration. He then sued ProAg and his insurance agent, Mr. Hanson, and Mr. Hanson's spouse.

¶5 ProAg asked the court to stay proceedings and compel arbitration under the terms of the MPCI policy and the FAA. The trial court denied ProAg's motion to compel, finding "its equitable powers allow the Court to override any arbitration requirement, under the unique facts of this case." CP at 213. ProAg appealed.[1]

## ANALYSIS

¶6 The issue is whether the trial court erred in exercising its equitable powers to stay the court proceedings and override the arbitration clause in the parties' policy. ProAg contends federal law preempts the court's equitable powers.

¶7 We review arbitrability questions de novo. *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 302, 103 P.3d 753 (2004). The burden of proof is on the party seeking to avoid arbitration. *Id.*

¶8 Our state constitution vests trial courts with the power to fashion equitable remedies. CONST. art. IV, § 6; *see Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 173, 937 P.2d 565 (1997) (Industrial Insurance Act does not "alter the constitutional equity power of Washington's courts over industrial injury cases."). Additionally, a trial court's inherent powers encompass " 'all the powers of the English chancery court.' " *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 415, 63 P.2d 397 (1936) (quoting *State ex rel. Roseburg v. Mohar*, 169 Wash. 368, 375, 13 P.2d 454 (1932)).

---

[1] The Hansons are not parties to this appeal.

¶9 The power of equity has been construed " 'as broad as equity and justice require.' " *Agronic Corp. of Am. v. deBough,* 21 Wn. App. 459, 463-64, 585 P.2d 821 (1978) (quoting 27 AM. JUR. 2D *Equity* § 103 (1966)). Indeed, the whole idea behind courts of chancery and their equitable powers was to mitigate the harsh absolute dictates of common law rules.

■ ¶10 The standard of review for a judge's exercise of equitable authority is abuse of discretion. *Rabey v. Dep't of Labor & Indus.,* 101 Wn. App. 390, 397, 3 P.3d 217 (2000), *review granted,* 142 Wn.2d 1007 (2001). Thus, we review the record to determine whether the trial judge's grant of equitable relief is based upon tenable grounds or tenable reasons. *Pederson's Fryer Farms, Inc. v. Transamerica Ins. Co.,* 83 Wn. App. 432, 454, 922 P.2d 126 (1996).

■ ¶11 The Washington uniform arbitration act, chapter 7.04A RCW, provides circumscribed decision-making authority for the courts, stating, "An agreement contained in a record to submit to arbitration . . . is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity." RCW 7.04A.060(1). The FAA likewise states that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In this sense, state and federal law are in harmony.

■ ¶12 ProAg is not the sole party to Mr. Weidert's claim; the Hansons are additionally named defendants concerning separate, noncontractual state-based negligence and consumer protection claims. Ordering a portion of the proceedings to be arbitrated and the other portion tried in the superior court results in discouraged, piecemeal litigation. *Brown v. Gen. Motors Corp.,* 67 Wn.2d 278, 282, 407 P.2d 461 (1965). Judicial economy, duplicative costs, and the potential of inconsistent results provide tenable grounds for the trial court's decision.

¶13 The right to arbitration depends upon contract, while a motion to compel arbitration is "simply a suit in equity seeking specific performance of that contract." *Eng'rs & Architects Ass'n v. Cmty. Dev. Dep't*, 30 Cal. App. 4th 644, 35 Cal. Rptr. 2d 800, 805 (1994). Here, the controversy is not about the right to arbitration but rather whether arbitration is the appropriate means of conflict resolution given the number of defendants and causes of action. The parties' policy states, "if [Mr. Weidert] and [ProAg] fail to agree on any determination made by [ProAg,] disagreement must be resolved through arbitration." CP at 12. The trial court could reasonably conclude Mr. Weidert's causes of action do not mainly concern a determination by ProAg; rather they relate to whether he was wrongly induced to purchase an inadequate insurance policy. Our reasoning, and that of the trial court, does not preclude the parties from submitting ProAg's determinations to eventual arbitration. The timing of when arbitration is necessary in relation to litigation of Mr. Weidert's noncontractual state-based negligence and consumer protection claims is left to the discretion of the trial court.

¶14 In sum, because tenable grounds exist to support the trial court's decision to exercise its equitable powers, the court did not abuse its discretion in denying ProAg's motion to stay the state court litigation.

¶15 Affirmed.

KORSMO, C.J., and KULIK, J., concur.

Review granted September 12, 2013.