# FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE___SEP 1 2 2013

_madsen, C.J._
CHIEF JUSTICE



This opinion was filed for record
at 8:00 am on Sept 12, 2013

Ronald R. Carpenter
Supreme Court Clerk



# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| TIMOTHY WEIDERT, individually and L.W. WEIDERT FARMS, INC., a Washington corporation,<br><br>Respondents,<br><br>v.<br><br>JERALD A. HANSON, d/b/a WALLA WALLA INSURANCE SERVICES, and JERALD and JANE DOE HANSON, husband and wife,<br><br>Defendants,<br><br>PRODUCERS AGRICULTURE INSURANCE COMPANY,<br><br>Petitioner. | NO. 88293-2<br><br>EN BANC<br><br>Filed:    SEP 1 2 2013 |

PER CURIAM—A superior court purporting to act in equity refused to compel arbitration pursuant to a valid arbitration clause in a federally mandated crop insurance contract. The Court of Appeals affirmed. *Weidert v. Hanson*, 172 Wn. App. 106, 288 P.3d 1165 (2012). For the reasons discussed below, we grant review and reverse.

Through a private agent, Tim Weidert and L.W. Weidert Farms (collectively Weidert) bought a multiperil crop insurance policy for the 2009 crop year. The policy was issued by Producers Agriculture Insurance Company and

reinsured by the Federal Crop Insurance Corporation as established by the Federal Crop Insurance Act, 7 U.S.C. § 1501. Policies issued under the federal act are subject to federal regulations governing the terms, issuance, and sales of such policies.

The standard policy issued to Weidert expressly provided that any disagreement over a determination made by the insurer was to be resolved through arbitration, and that if the insured failed to either initiate arbitration or complete the arbitration process, judicial review would not be available. Weidert suffered a loss from drought and sued the private insurance agent, alleging that the agent misrepresented the amount of insurance coverage available. Weidert had also initiated arbitration with Producers Agriculture but failed to complete the process. Weidert then amended the complaint to name Producers Agriculture as an additional defendant. Weidert's basic complaint was that Producers Agriculture, after it issued its initial estimated amount of insurance coverage available, determined that the insured's yields had changed and lowered the amount of coverage available. According to Weidert, he overplanted on the basis of the initial information, which he claims was negligently provided.

After Weidert amended the complaint to add Producers Agriculture as a defendant, Producers Agriculture moved to compel arbitration under the terms of the federal crop insurance policy. Weidert opposed arbitration, arguing that it would result in piecemeal litigation of the claims against the insurer and the agent. The superior court agreed and refused to compel arbitration.

The Court of Appeals affirmed, holding that a trial court sitting in equity may refuse to compel arbitration under an otherwise valid arbitration clause in the interest of judicial efficiency. Producers Agriculture petitioned for this court's review.

An agreement to submit a controversy to arbitration is valid, enforceable, and irrevocable "except upon a ground that exists at law or in equity for the

revocation of a contract." RCW 7.04A.060(1). The Federal Arbitration Act provides the same. *See* 9 U.S.C. § 2 (an agreement in writing to submit a controversy to arbitration arising out of a contract evidencing a transaction involving commerce shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract). The term "'as exist at law or in equity'" refers to general contract defenses such as fraud, duress, or unconscionability, which may be applied to invalidate arbitration agreements without violating the federal arbitration mandate. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 813-14, 225 P.3d 213 (2009) (emphasis omitted) (quoting 9 U.S.C. § 2). Washington law provides substantially the same. *Saleemi v. Doctor's Assocs., Inc.*, 176 Wn.2d 368, 376, 292 P.3d 108 (2013); *McKee v. AT&T Corp.*, 164 Wn.2d 372, 383, 191 P.3d 845 (2008) (general contract defenses such as unconscionability may invalidate an arbitration agreement). There is no support for the notion that a court may ignore an otherwise valid arbitration agreement on equitable grounds.

The arbitration clause here is federally mandated. Crop insurance is underwritten by the Federal Crop Insurance Corporation. *See* 7 C.F.R. § 457.8 (required insurance policy). The federal regulation specifically requires arbitration of disputes arising under the policy. We agree with Producers Agriculture that the Federal Arbitration Act prohibits a state court from ignoring a valid federally mandated arbitration clause on equitable grounds.

We therefore grant the petition for review, reverse the Court of Appeals, and remand to the superior court for further proceedings consistent with this opinion.